# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Elzy,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-16-01490-PHX-GMS (JZB)<br><br>**REPORT AND RECOMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

    Petitioner Gregory Elzy has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

## I. SUMMARY OF CONCLUSION

    On April 2, 2013, the trial court dismissed Petitioner's PCR petition and he did not seek review with the Arizona Court of Appeals. Petitioner's conviction was final on May 7, 2013. The AEDPA's one-year statute of limitations began to run on May 8, 2013 and expired on May 8, 2014. On May 9, 2016, Petitioner mailed the instant Petition for Writ of Habeas Corpus. Because there are no grounds for tolling, the Court concludes that Petitioner's claims are untimely. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

## II. BACKGROUND

### a. Plea and Sentencing

    On December 14, 2010, Petitioner pleaded guilty to three counts of Armed

Robbery committed on three separate dates. (Doc. 23-1, Ex. A, at 1-2.) Petitioner's plea agreement provided for a term of imprisonment between 15 and 45 years. (*Id*.) On March 3, 2011, Petitioner was sentenced to 29 years of imprisonment. (Doc. 23-3, Ex. C, at 3.) The court ordered restitution be awarded to victims Radio Shack, Trails Department Store, Check-O'Reilly Auto Parts, and Game Stop in the amount of $2,379.93. (*Id*. at 4.)

### b. Post-Conviction Relief Proceedings

On April 11, 2011, Petitioner filed a notice of post-conviction relief ("PCR"). (Doc. 23-4, Ex. D, at 4.) On January 13, 2012, Petitioner's counsel filed a notice with the court advising that "counsel has researched all possible legal and factual concerns and is unable to find a tenable issue to submit to the court pursuant to Rule 32, Arizona Rules of Criminal Procedure." (Doc. 23-5, Ex. E, at 2.) On April 27, 2012, the court appointed a second attorney to represent Petitioner and ordered "that newly appointed counsel shall review the case and … shall file either a petition for post-conviction relief or … a notice of completion stating that they could find no colorable claims to file on behalf of the defendant." (Doc. 23-6, Ex. F, at 2-3.) On December 6, 2012, counsel filed a notice stating "counsel has investigated defendant's case for any and all colorable claims and has determined that no colorable claim can be raised." (Doc. 23-7, Ex. G, at 2.)

On December 10, 2012, the court ordered that "Defendant shall have 45 days from today's date to file a *Pro Per* Petition for Post-Conviction Relief." (Doc. 23-8, Ex. H, at 3.) Petitioner did not file a *pro se* petition. (Doc. 23-9, Ex. I, at 2.) On April 2, 2013, the court dismissed the PCR petition. (*Id*.)

Petitioner did not seek review with the Arizona Court of Appeals. (Doc. 1 at 3.)

### c. Petitioner's Habeas Petition

On May 9, 2016, Petitioner mailed a Petition for Writ of Habeas Corpus. (Doc. 1.) The Petition was filed with the Court on May 13, 2016. (*Id*.) In the Petition, Petitioner raises the following grounds for relief:

> Petitioner alleges that his due process rights under the Fourteenth Amendment were violated, claiming that he did not knowingly and intelligently sign his plea agreement. Petitioner contends that he "was not properly advised by the

> court that his plea was knowingly and voluntarily"; he "[d]id not get what he w[as] promised" in his plea agreement—concurrent rather than consecutive sentences; and he did not receive "proper and necessary advice concerning his plea."

(Doc. 7 at 2.)

On November 29, 2016, Respondents filed a Limited Answer. (Doc. 22.) On December 21, 2016, Petitioner filed a Reply. (Doc. 24.)

## III. DISCUSSION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United Sates. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. Whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims.

The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### i. Time Calculation

Here, Petitioner filed a PCR notice on April 11, 2011. (Doc. 23-4, Ex. D, at 4.) On April 2, 2013, the court dismissed the PCR petition. (Doc. 23-9, Ex. I, at 2.) Petitioner had 35 days, until May 7, 2013, in which to seek review in the Arizona Court of Appeals. *See* Ariz. R.Crim. P. 32.9(c) (providing that a petition for review must be filed within 30 days from the final decision in a post-conviction proceeding); Ariz. R.Crim. P. 1.3 (adding five days for mailing). Petitioner did not seek review in the Arizona Court of Appeals. (Doc. 1 at 3.) Petitioner's conviction was final on May 7, 2013. The AEDPA's one-year statute of limitations began to run on May 8, 2013 and expired on May 8, 2014 absent statutory or equitable tolling. *See Summers v. Schiro*, 481 F.3d 710, 716-17 (9th Cir. 2007) ("Because a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32

of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review.").

The Petition was due on May 8, 2014, but was not filed until May 9, 2016. Therefore, the Petition is untimely absent tolling.

### ii. Equitable Tolling

Petitioner is not entitled to equitable tolling because he has not shown extraordinary circumstances and that he diligently pursued his claims. "A petitioner who seeks equitable tolling of AEDPA's one–year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). Petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

In his Reply, Petitioner asserts he "was unable to proceed with or address any post conviction issues, as a result from being moved, then having personal/legal property lost by Arizona Dept. of Corrections Prison Officials." (Doc. 24 at 2.) Petitioner states that as "a result of this Petitioner currently has a pending suit regarding loss of property – *please see* CV-16-04189-PHX-GMS-JZB." (*Id.*) (emphasis added).  Petitioner's civil suit, filed in this Court on December 2, 2016, claims that Petitioner's property was lost on January 16, 2016 when Petitioner was transferred to "Dakota from Cheyenne."   *See Elzy v. Ryan*,

CV-16-04189-PHX-GMS (JZB), Doc 1 at 31. Petitioner asserts that he discovered the missing items on February 12, 2016. (*Id.*) But Petitioner was able to file the instant habeas Petition without those missing items, so Petitioner fails to establish how the loss of those items prevented him from filing this Petition.[1] *See Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1014 (9th Cir. 2009) (affirming denial of equitable tolling and stating that petitioner "could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline."); *United States v. Battles,* 362 F.3d 1195, 1198 (9th Cir. 2004) (even without access to his case file, petitioner must "at least consult his own memory of the trial proceedings.").

Also, according to Petitioner, the items were lost on January 16, 2016. The Petition was due on May 8, 2014. Assuming Petitioner's claim is true, equitable tolling from January 16, 2016 still would not make the Petition timely. Based upon the only information presented by Petitioner, the Court concludes that Petitioner fails to establish that equitable tolling from May 8, 2014 is warranted.

**IV. CONCLUSION**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Petitioner also does not assert actual innocence, but instead requests that "all multiple counts and sentence run concurrent, and set an evidentiary hearing." (Doc. 1 at 7.) *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency"). Based on the above analysis, the Court finds that Petitioner's claims are untimely. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas

---

[1] Petitioner asserts he has contacted "previous attorneys in an attempt to obtain copies of missing documents that are imperative to Petitioner's defense in proving ineffective assistance of counsel." (*Id.*) Again, Petitioner was able to file this Petition without those documents, so he fails to demonstrate why he could not have filed a timely Petition.

Corpus pursuant to 28 U.S.C. § 2244 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 28th day of February, 2017.

Honorable John Z. Boyle
United States Magistrate Judge